1

2  **IN THE UNITED STATES DISTRICT COURT**

3  **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

4  **SAN FRANCISCO DIVISION**

5

6  Case No. _____

7

8  **STANDING ORDER REGARDING**

9  **CASE MANAGEMENT IN CIVIL CASES**

10      This order sets forth requirements for initial case management in all civil matters assigned to

11  United States District Chief Judge James Ware. All papers filed must include the case number of the

12  action followed by the initials of the assigned district judge or magistrate judge and, if applicable,

13  the initials of the magistrate judge to whom the action is referred for discovery or other pretrial

14  activity.

15      Plaintiff shall serve a copy of this Standing Order on all parties to this action and on all

16  parties subsequently joined, in accordance with Fed.R.Civ.P. 4 and 5. Following service, plaintiff

17  shall file a certificate of service in accordance with Civil L.R. 5-6(a).

18      Before selecting a hearing date for a motion before any of the judges of the San Francisco

19  Division, counsel must confer with opposing counsel to determine that the proposed hearing date

20  will not cause undue prejudice.

21      Civil motions under Civil L.R. 7-2 in cases assigned to Judge Ware may be noticed for

22  hearing on any Monday at 9:00 a.m. However, counsel must review Judge Ware's on-line calendar

23  to check for availability since it is Judge Ware's practice to close out dates due to high volume of

24  motions.

25      Pursuant to Fed.R.Civ.P. 16 and 26 and Civil L.R. 16-10(a), a Case Management Conference

26  will be held on Mondays at 10:00am, at the United States Courthouse, 450 Golden Gate Ave., San

27  Francisco, California. This conference may be continued only by court order pursuant to Civil L.R.

28  16-2(e). Parties may not stipulate to continue a Case Management Conference without court

approval.

**United States District Court**
For the Northern District of California

1    Pursuant to Civil L.R. 16-3, in advance of the Case Management Conference, counsel shall
2    confer with their respective clients and opposing counsel for the purposes specified in Fed.R.Civ.P.
3    26(f), Civil L.R. 16-8 and 16-9, and in patent cases, Patent L.R. 3-1 through 3-6.  A meaningful meet
4    and confer process prior to the Case Management Conference and good faith compliance with the
5    requirements of this Order are essential elements of effective case management.  Failure to meet and
6    confer, to be prepared for the Case Management Conference or to file a Joint Case Management
7    Conference Statement may result in sanctions.

8    In all "E-filing" cases when filing papers in connection with any motion for determination by
9    a judge, the parties shall, in addition to filing papers electronically, lodge with chambers a printed
10   copy of the papers by the close of the next court day following the day the papers are filed
11   electronically.  These printed copies shall be marked "Chambers Copy" and shall be submitted to the
12   Clerk's Office, in an envelope clearly marked with the Judge's name, case number and "E-filing
13   Chambers Copy."  Parties shall not file a paper copy of any document with the Clerk's Office that
14   has already been filed electronically.

15   IT IS SO ORDERED.

16   Dated: April 28, 2011

James Ware
United States District Chief Judge

## STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

### CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.      Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.      Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.      Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.      Motions: All prior and pending motions, their current status, and any anticipated motions.

5.      Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.      Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7.      Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8.      Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9.      Class Actions: If a class action, a proposal for how and when the class will be certified.

10.     Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11.     Relief: All relief sought through complaint or counterclaim, including the amount of any

-1-

damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.     Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.     Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.     Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.     Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.     Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.     Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.     Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.     Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. **In addition**, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.     Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.