United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DALENA M. TAVERNITI,

Plaintiff,                                      No. C 11-06659 JSW

v.

MICHAEL J. ASTRUE, Commissioner of          **ORDER GRANTING MOTION TO
Social Security,                             DISMISS**

Defendant.

_____/

Now before the Court is the motion to dismiss filed by Defendant Commissioner of the
Social Security Administration's  ("Defendant").  The Court finds that this matter is appropriate
for disposition without oral argument and it is deemed submitted.  *See* Civ. L.R. 7-1(b).
Accordingly, the hearing set for March 1, 2013 is HEREBY VACATED.  Having carefully
reviewed the administrative record and considered the parties' papers and the relevant legal
authority, and good cause appearing, the Court hereby GRANTS Defendant's motion to
dismiss.

**BACKGROUND**

According to the undisputed record, Plaintiff Dalena M. Taverniti ("Plaintiff") filed an
application for Disability Insurance Benefits payments pursuant to Title II of the Social Security
Act in March 1985, after suffering from a stroke.  That application resulted in a finding of
disability as of April 1, 1982.  However, effective November 1991, the agency terminated
Plaintiff's disability benefits upon finding that she was working and performing substantial
gainful activity.  In December 2008, however, nearly seventeen years after the termination of

1   benefits, Plaintiff requested reconsideration of the termination decision. In April 2009, that

2   request for reconsideration was dismissed because Plaintiff had not proffered a good cause

3   statement explaining the lengthy delay in seeking review of the 1991 termination of benefits. In

4   August 2009, approximately three months later, Plaintiff, now acting through a representative,

5   requested a hearing. On May 28, 2010, an administrative law judge ("ALJ") found that Plaintiff

6   had failed to establish good cause for missing the deadline to request a hearing and dismissed

7   her request for a hearing. The ALJ further stated that the April 2009 reconsideration

8   determination remained in effect.

9           Plaintiff has previously sought to appeal the various previous decisions of the agency

10   and the ALJ, but has failed to demonstrate that the district court may maintain jurisdiction over

11   her untimely and unexhausted claims. Again, Defendant here moves to dismiss on the basis that

12   the Court lacks subject matter jurisdiction to hear the merits of the reconsideration affirming the

13   1991 decision to terminate disability benefits. Plaintiff claims that her due process rights have

14   been violated as a result of the agency's refusal to toll the time to seek review, as she suffered

15   from mental impairment as a result of the stroke.

16           The Court shall consider additional facts as relevant in the remainder of this order.

17                                            **ANALYSIS**

18           Defendant moves to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure

19   12(b)(1) for lack of subject matter jurisdiction. Defendant asserts that Plaintiff failed to exhaust

20   her administrative remedies. Defendant also moves to dismiss pursuant to Federal Rule of Civil

21   Procedure 12(b)(6) for failure to state a claim due to the vague nature of her current allegations.

22           A claimant may obtain review of the Commissioner's final decision denying social

23   security payments, provided the civil action is commenced in district court within 60 days of the

24   mailing of the Commissioner's decision. 42 U.S.C. § 405(g). However, in this matter, Plaintiff

25   took seventeen years to seek review of the decision to terminate her disability benefits. The

26   ALJ found that Plaintiff had failed to provide a good cause statement to support her untimely

27   request for reconsideration, and that, similarly, her request in August 2009 for a hearing was

28   both untimely and unsupported by a showing of good cause for the delay. Under the clear

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

1   language of the regulations, Plaintiff's failure to request timely reconsideration and a hearing,

2   absent a showing of good cause for the delay, forfeited her right to further administrative or

3   judicial review.  *See* 20 C.F.R. § 404.900(b).

4          Whether good cause existed to permit Plaintiff to wait seventeen years to seek

5   reconsideration of the termination decision or three and half months to request a hearing, is the

6   province of the administrative process.  There is nothing in the record before the ALJ that

7   demonstrated good cause for the repeated delays.  There is no showing that Plaintiff submitted a

8   good cause statement once she sought reconsideration of the original 1991 determination or her

9   request for a hearing, although it is clear that there was sufficient time and opportunity for

10   Plaintiff to provide such good cause during that time.  It is the purview of the administrative

11   process to adjudicate the timeliness of Plaintiff's requests.  Because she has not yet provided a

12   statement of good cause alleging sufficient facts to demonstrate good cause for the delay of

13   seventeen years before the agency, this Court finds that she has failed to exhaust her

14   administrative remedies.  Accordingly, the Court lacks subject matter jurisdiction to hear the

15   matter as presented.  It is the province of the administrative process, in the first instance, to

16   make the determination whether Plaintiff's much-delayed request for reconsideration should be

17   considered timely as a result of some physical, mental, educational, or mental infirmity lasting

18   the whole of the seventeen years.  *See* 20 C.F.R. § 404.900(b), 404.911.  Only the ALJ or the

19   Appeals Council may make the determination to toll the time and vacate the denial of benefits.

20   *See* 20 C.F.R. § 404.960.

21          The order of the ALJ dated May 28, 2010 which affirms the 1991 decision to terminate

22   Plaintiff's benefits is not a final order for purposes of 42 U.S.C. § 405(g).  However, the Court

23   recognizes an exception to the "final decision" rule granting district courts federal subject

24   matter jurisdiction in cases where the underlying administrative decision "is challenged on

25   constitutional grounds."  *Califano v. Sanders*, 430 U.S. 99, (1977).  The *Sanders* exception

26   applies "to any colorable constitutional claim of due process violation that implicates a due

27   process right either to a meaningful opportunity to be heard or to seek reconsideration of an

28   adverse benefits determination."  *Udd v. Massanari*, 245 F.3d 1096, 1098-99 (9th Cir. 2001).  A

1  constitutional claim is colorable if is it "not wholly insubstantial, immaterial, or frivolous." *Id.*

2  (quoting *Boettcher v. Secretary of Health & Human Services*, 759 F.2d 719, 722 (9th Cir.

3  1985)). "A 'mere allegation of a due process violation' is not a colorable constitutional claim."

4  *Klemm v. Astrue*, 543 F.3d 1139, 1144 (9th Cir. 2008) (citations omitted). Rather, "the claim

5  must be supported by 'facts sufficient to state a violation of substantive or procedural due

6  process.'" *Id.*

7  Plaintiff contends that she was denied due process in the course of her administrative

8  process because she suffers from mental impairments that prevented her from making a timely

9  petition for recovery of benefits. "An allegation of mental impairment can form the basis of a

10  colorable constitutional claim if the mental impairment prevented the claimant from

11  understanding how to contest the denial of benefits." *Udd*, 245 F.3d at 1099 (holding that a

12  claimant "asserted a colorable constitutional claim" where the claimant averred that "he lacked

13  the mental capacity to understand" a termination of benefits and the process for review). Under

14  the regulations, factors affecting a claimant's capacity to understand the procedures for

15  requesting review include: (1) inability to read or write; (2) lack of facility with the English

16  language; (3) limited education; and (4) "any mental or physical condition which limits the

17  claimant's ability to do things for him/herself." Social Security Ruling 91-5p.

18  Here, however, Plaintiff fails to state a colorable claim of a due process violation

19  because her allegation of mental impairment for a period lasting seventeen years is completely

20  unsupported by facts. Plaintiff claims that she was unable to understand the administrative

21  process as a result of the effects of her stroke. However, even with the assistance of a

22  representative, Plaintiff was repeatedly untimely with all of her submissions and, according to

23  the record, has still not provided the ALJ or the Appeals Council with a statement establishing

24  good cause for the repeated delays, even with the aid of a representative. Because Plaintiff has

25  failed to demonstrate that she was unable to timely comply with the multiple administrative

26  deadlines due to a mental or physical impairment, the Court finds that she has failed to state a

27  colorable constitutional claim. In the absence of a colorable constitutional claim, this Court

28  lacks jurisdiction to hear Plaintiff's complaint.

United States District Court
For the Northern District of California

**CONCLUSION**

This Court lacks jurisdiction to hear Plaintiff's unexhausted claim and Plaintiff has failed to demonstrate that the due process exception applies.  For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss.

**IT IS SO ORDERED.**

Dated:   February 20, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

5